[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-12041

Non-Argument Calendar

————————————

OLIVIER ST. SIMON,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-407-347

————————————

Before JORDAN, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Olivier St. Simon seeks review of the Board of Immigration Appeals's final order affirming the immigration judge's denial of St. Simon's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. Because the Board committed no error when affirming the immigration judge's decision, we deny St. Simon's petition for review.

## I.

In 2014, St. Simon, a citizen of Haiti, was admitted to the United States on a visitor visa permitting him to remain until late March 2015. He remained years after that date, and during his stay, was arrested for multiple crimes including burglary offenses, grand theft auto, and aggravated assault with a deadly weapon. In November 2023, the Department of Homeland Security served him with a notice to appear that charged him as removable under federal law. He conceded he was removable as charged.

St. Simon filed an application seeking asylum, withholding of removal, and CAT relief. In that application and his pre-hearing brief, St. Simon argued that he had a well-founded fear of future persecution because his father had worked for the United Nations and was viewed as opposing Haiti's Pitit Dessalines political party, and that he would be targeted as a repatriated citizen.

The immigration judge held a hearing on the merits of St. Simon's application, and he and his father testified at the hearing. Among other things, St. Simon testified that before he left Haiti, he had been followed by unknown individuals who had asked him about his father's whereabouts and threatened to kidnap him if he did not answer. St. Simon's father, who had worked as a driver in Haiti for the United Nations from 2014 to 2015, testified about, among other things, three incidents when he was attacked or threatened: he testified that in two of those incidents, the perpetrators had a problem with the United Nations's presence in Haiti.

The immigration judge denied his application, and the Board affirmed that denial. The Board concluded that St. Simon was ineligible for asylum and withholding of removal because he failed to demonstrate that he would suffer harm in Haiti on account of a statutorily protected ground. The Board further concluded that he was ineligible for CAT relief because he failed to establish that it was more likely than not that he would be tortured in Haiti by or with the acquiescence of a person acting in an official capacity.

This appeal followed.

## II.

We review only the Board's decision, except to the extent it expressly adopts the immigration judge's opinion. *Flores-Panameno v. U.S. Att'y Gen.*, 913 F.3d 1036, 1040 (11th Cir. 2019). We review the Board's exercise of administrative discretion to determine whether it was arbitrary and capricious. *See Lapaix v. U.S. Atty.*

*Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010). We review legal determinations *de novo*. *Ayala v. U.S. Atty. Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). And we review fact findings for substantial evidence—"a highly deferential standard." *Id.* Under that standard, we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision," and affirm a finding of fact "if [the finding] is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1239 (11th Cir. 2010) (internal marks omitted). Administrative fact findings can be reversed only if the record compels reversal. *See id.*

## III.

St. Simon raises several challenges on appeal. First, he argues that the Board erred when affirming the denial of his application for asylum and withholding of removal, because he established that he would face future harm in Haiti on account of a statutorily protected ground. Second, he argues that the Board erred when affirming the denial of his application for CAT relief, because the Board failed to consider evidence of the harm he would face in Haiti as a repatriated citizen. His challenges fail.

### A.

We begin with St. Simon's application for asylum and withholding of removal. "To be eligible for asylum, an applicant must prove either past persecution 'on account of' a statutorily protected ground or a well-founded fear that a protected ground will cause

future persecution." *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021); 8 U.S.C. § 1158(b)(1)(A). Those protected grounds include "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of removal, the applicant must establish that "it is more likely than not that she will be persecuted or tortured because of a protected ground if returned to her home country," *Sanchez-Castro*, 998 F.3d at 1286; those protected grounds are the same as those in the asylum context, *see* 8 U.S.C. § 1231(b)(3)(A). "The 'more likely than not' standard is more demanding than the 'well-founded fear' standard, so an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal." *Sanchez-Castro*, 998 F.3d at 1286.

St. Simon argues that the Board incorrectly affirmed the denial of his request for asylum, because he demonstrated a well-founded fear of future persecution on account of two statutorily protected grounds: (1) his membership in a "particular social group"—the groups being "immediate family member" and "son" of his father, a former United Nations employee, and (2) the pro-United-Nations and anti-Pitit-Dessalines "political opinion" imputed upon him by virtue of his affiliation with his father. *See* 8 U.S.C. § 1101(a)(42)(A). We disagree. Even if we assume that St. Simon can claim those two grounds, he did not establish a well-founded fear of persecution on those grounds.

To establish a well-founded fear of persecution in that vein, St. Simon must establish that, among other things, his fear was

"objectively reasonable" and that there is a "nexus between a statutorily protected ground and the feared persecution." *Sama v. U.S. Att'y Gen.*, 887 F.3d 1225, 1233 (11th Cir. 2018) (internal marks omitted). He can satisfy this burden by presenting "specific, detailed facts showing a good reason to fear that he . . . will be *singled out* for persecution" on account of a protected ground, or by establishing that there exists a "pattern or practice of persecution of a group of which he is a member." *Id.* (internal marks omitted).

He has not satisfied that burden. First, St. Simon did not present specific, detailed facts to establish that he had a good reason to fear he would be singled out for persecution based on his family ties or any imputed political opinion. *See id.* Although St. Simon testified that he feared he would be harmed due to his affiliation with his father, who had been attacked because he worked for the United Nations, St. Simon did not present evidence that, nearly ten years after those incidents, anyone in Haiti would recognize him as his father's son, perceive him to be a supporter of the United Nations, or harm him on either basis. Further, St. Simon's father testified that neither his daughter nor his siblings who lived in Haiti had experienced any harm because of him. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1259 (11th Cir. 2006) (explaining that petitioner's claimed fear of future persecution in Colombia was belied by his testimony that his family members "have remained unharmed in the region of Colombia where [he] allegedly was threatened"). Moreover, St. Simon's father testified that the perpetrators in the first and second incidents did not have a "personal problem" with him and that he did not know the perpetrators in the second

and third incidents, thus further undermining St. Simon's fear of persecution in Haiti due to his association with his father or to any imputed political opinion. St. Simon also testified that he feared he would be harmed due to gangs and widespread violence in Haiti, but evidence of poor country conditions or pervasive criminal activity is not itself enough to demonstrate persecution. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 n.7 (11th Cir. 2005).

Second, St. Simon argues that the Board erred by declining to consider his "pattern or practice" challenge on the grounds that St. Simon did not raise it before the immigration judge. We disagree. Although St. Simon stated in his pre-hearing brief to the immigration judge that he could demonstrate a pattern or practice of persecution of similarly situated individuals and that the "record support[ed]" such a finding, he neither made any legal arguments nor pointed to supporting evidence in the record. Nor does he refer to any moment in the merits hearing where he made a pattern-or-practice argument to the immigration judge. And in any event, his briefing to the Board mentioned a pattern or practice of persecution but also provided no legal or evidentiary support. The Board did not act arbitrarily or capriciously in declining to consider his practice-and-pattern challenge—one that was not sufficiently raised before the immigration judge or the Board. *See Lapaix*, 605 F.3d at 1145; *Sepulveda*, 401 F.3d at 1228 n.2 ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

Thus, St. Simon has failed to establish a well-founded fear of persecution and is therefore ineligible for asylum. *See Sanchez-*

*Castro*, 998 F.3d at 1286. Because the "well-founded fear" standard for asylum is less stringent than the "more likely than not" standard for withholding of removal, St. Simon is likewise ineligible for withholding of removal. *See id.* The Board did not err in affirming the immigration judge's denial of his application for these two types of relief.

### B.

We turn to St. Simon's application for CAT relief. To obtain CAT relief, an applicant must establish that he "will more likely than not" be tortured in the country of removal. *Laguna Rivera v. U.S. Att'y Gen.*, 130 F.4th 915, 921 (11th Cir. 2025). "Torture" is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . for any reason based on discrimination of any kind, when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of . . . [a] person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

St. Simon's sole argument as to why the Board erred in affirming the denial of his application for CAT relief is that it failed to consider his fear of being tortured in Haiti based on his status as a repatriated citizen. We are unpersuaded. "To determine whether the Board gave reasoned consideration to a petition, we inquire only whether the Board considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1327 (11th Cir. 2021) (internal marks omitted), *overruled in part on other grounds by Santos-Zacaria*

*v. Garland*, 598 U.S. 411, 419–23 (2023). The Board "does not give reasoned consideration to a claim when it misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record." *Id.* at 1327 (internal marks omitted).

Here, the Board gave reasoned consideration to St. Simon's fear of torture based on his repatriated-citizen status. In its paragraph affirming the immigration judge's denial of CAT relief, the Board stated that it had "conduct[ed] a thorough review of the record" and "tak[en] into consideration" St. Simon's arguments on appeal; one of those arguments was that St. Simon would suffer torture based on his repatriated-citizen status. Although the Board did not explicitly mention that argument or its supporting evidence, the Board "need not address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Id.* (internal marks omitted). Further, St. Simon's repatriated-citizen argument in his brief to the Board was largely that his repatriated-citizen status made him more vulnerable to criminal activity such as kidnapping or extortion by criminal gangs, and the Board *did* explicitly reference St. Simon's fear of criminal gangs when determining that he was ineligible for asylum and withholding of removal—both of whose inquiries overlap with that of CAT relief. *See Mehmeti v. U.S. Atty. Gen.*, 572 F.3d 1196, 1201 (11th Cir. 2009) ("If an alien cannot establish a well-founded fear of persecution, the alien also cannot establish that it is more likely than not that he will be tortured based on a protected factor."). In sum, the Board's

reasoning and the evidentiary record indicate that the Board "heard and thought" about St. Simon's claims, and we see no reason to conclude that the Board misstated the record or offered insufficient justifications for affirming the denial of CAT relief. *See Farah*, 12 F.4th at 1327 (internal marks omitted).

## IV.

For the foregoing reasons, we **DENY** St. Simon's petition for review.

**PETITION DENIED**.